UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**JOSEPH L. JAMES**          :          **DOCKET NO. 17-cv-1502**
                                              **SECTION P**

**VERSUS**                   :          **UNASSIGNED DISTRICT JUDGE**

**OUTPATIENT MEDICAL
CENTER, INC.; ET AL.**       :          **MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss [doc. 5] filed by the government pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff Joseph L. James, who is proceeding *pro se* in this matter, has not filed a response to the motion and his time for doing so has passed.

For reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED** and that all claims against the United States through Outpatient Medical be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I.
#### BACKGROUND

James initiated this action by filing a Motion to Produce Documents in the 30th Judicial District Court, Vernon Parish, Louisiana, in August 2016. Doc. 4, att. 2, pp. 155–56. On January 25, 2017, he filed a "supplemental" petition, requesting that he be allowed to combine that petition with his earlier-filed Motion to Produce Documents. *Id.* at 137–42. In his petition he raised claims against the City of Leesville, Leesville Police Department, Byrd Memorial Hospital, Outpatient Medical Center, Inc. ("Outpatient Medical"), and Dr. Robert Lamme. *Id.* He stated that he was

currently incarcerated at the Vernon Parish Sheriff's Prison and alleged that he had received negligent medical care for his high blood pressure at Outpatient Medical and Byrd Memorial while incarcerated at the Leesville City Jail. *Id.* He filed an amended petition on or about July 8, 2017, which was served on Outpatient Medical on July 24, 2017. Doc. 1, att. 2. There he reiterated the allegations made in the previous petition: as a result of visits to Byrd Memorial and Outpatient Medical in 2015 and 2016, he had been prescribed too much medication to treat his high blood pressure by Dr. Lamme, who had treated him at both facilities. *See id.* at 6–7. These medications were administered to him concurrently by Leesville Police Department staff while he was in the city jail, resulting in an overdose. *Id.* at 7–8.

Byrd Memorial and Lamme filed dilatory exceptions of prematurity based on James's failure to receive an opinion from a medical review panel as required under Louisiana law. Doc. 4, att. 1, pp. 112–13, 140–41. The court granted the exceptions and dismissed the claims against Lamme and Byrd Memorial without prejudice on September 14, 2017. Doc. 4, att. 1, pp. 46, 48. On November 15, 2017, the government filed a notice of removal to this court pursuant to 28 U.S.C. § 1346. Doc. 1. There it asserted that the Secretary of the Department of Health and Human Services ("HHS") had deemed Outpatient Medical eligible for coverage under the Federal Tort Claims Act ("FTCA"), making the United States the proper defendant in this suit.[1] *Id.* Accordingly, the United States was added as a defendant. The government has now filed this motion to dismiss based on James's failure to exhaust remedies with the Department of Health and Human Services. Doc. 5.

---

[1] Following an order from this court [doc. 7], the Attorney General, through his designee, also provided a scope of employment certification, reiterating that Outpatient Medical was eligible for FTCA coverage as stated above and stating that Lamme was acting in the course and scope of his employment with the United States and at Outpatient Medical during the events giving rise to James's claims. Doc. 8; doc. 8, att. 1. We accept this as responsive enough to our request – if the government is providing scope certification for Lamme as an employee of Outpatient Medical, it must also be providing such certification for Outpatient Medical itself.

## II.
## LAW & ANALYSIS

### A. Rule 12(b)(1)

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. FED. R. CIV. P. 12(b)(1). The burden on such a motion lies with the party seeking to invoke the court's jurisdiction. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Accordingly, the plaintiff at all times bears the burden of showing that subject matter jurisdiction exists. *Id.*; *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Lack of subject matter jurisdiction may be found based on any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### B. FTCA Exhaustion Requirements

The United States is immune from tort suits, except to the extent that it waives that immunity. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). One such waiver is the FTCA, 28 U.S.C. § 2671 *et seq.*, which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Id.* at § 2679(b)(1).

FTCA coverage over James's claims against Outpatient Medical is uncontested and properly established with the scope certification provided, above. As the government notes, the FTCA requires a plaintiff to properly exhaust his claims before filing suit. *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). The FTCA provides, in relevant part:

> An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency

> in writing . . . . The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The plaintiff's failure to exhaust administrative remedies prior to filing an FTCA suit is a jurisdictional defect, which cannot be waived or cured after the suit is filed. *Price*, 69 F.3d at 54. Accordingly, a prematurely-filed FTCA claim "cannot become timely by the passage of time after the complaint is filed." *Id.*

The government submits a declaration from Meredith Torres, Department of Health and Human Services ("DHHS") employee. Doc. 5, att. 3. Torres states that she has searched the DHHS claims branch database and found no record of an administrative tort claim filed by James or any authorized representative relating to Outpatient Medical. *Id.* James has not filed any response to the Motion to Dismiss and does not otherwise attempt to contest this evidence. He has not carried his burden of showing his FTCA claims are properly exhausted, and so the suit must be dismissed for lack of subject matter jurisdiction.

### III.
### CONCLUSION

Based on the above, this court lacks subject matter jurisdiction over James's FTCA claims due to his failure to exhaust them before filing suit. It is thus **RECOMMENDED** that the Motion to Dismiss [doc. 5] be **GRANTED** and that all claims against the United States, through Outpatient Medical, be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking

-5-

either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 14th day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE